Approved: _____
QAIS GHAFARY
Assistant United States Attorney

Before: THE HONORABLE JUDITH C. McCARTHY
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - x   21mj10883

UNITED STATES OF AMERICA            :   **SEALED COMPLAINT**
                                    :
        - v. -                      :   Violation of
                                    :   18 U.S.C. §§ 922(g)(1)
GREGORY DRAINE,                     :   and 2
                                    :
                  Defendant.        :   COUNTY OF OFFENSE:
                                    :   WESTCHESTER
- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    MARK VERE, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE
(Unlawful Possession of Firearm)

    On or about November 5, 2021, in the Southern District of New York, GREGORY DRAINE, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm, to wit, a black Mossberg Model-590 20-gauge shotgun bearing serial number V0718051 (the "Firearm"), and the Firearm was in and affecting interstate and foreign commerce.

    (Title 18, United States Code, Sections 922(g)(1) and (2).)

    The bases for my knowledge and for the foregoing charge are, in part, as follows:

    1.   I am a Special Agent assigned to the FBI's Westchester County Safe Streets Task Force, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my examination of surveillance video footage, reports, and records. Because this affidavit is

2

being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and videos, and the actions, statements and conversations of others are reported herein, they are reported in substance and in part.

2. Based on my review of law enforcement reports, my discussions with law enforcement officers, and my participation in this investigation, I have learned that on November 6, 2021, law enforcement officials with the Yonkers Police Department ("YPD") obtained a sworn statement from a former girlfriend of GREGORY DRAINE, the defendant, ("Individual-1"), who stated the following, in substance and in part:

   a. On or about November 5, 2021, at approximately 9:30 a.m., Individual-1 was present at a particular house located near the corner of Fairview Street ("Fairview") and Ridge Avenue ("Ridge") in Yonkers, New York, that belonged to Individual-1's relative (the "Dispute Location"). DRAINE arrived at the Dispute Location wearing a gray sweatshirt and gray sweatpants. While DRAINE was attempting to speak with Individual-1, a young, Hispanic male wearing a blue sweatshirt with his hair in a ponytail ("Individual-2") was standing across the street and greeted Individual-1. DRAINE then accused Individual-1 of having a romantic relationship with Individual-2 and threatened that "there's gonna be problems" if DRAINE discovered that Individual-1 was having sexual relations with Individual-2. DRAINE then departed.

   b. At approximately 11:00 a.m. on the same day, Individual-1 drove to another location in Yonkers, New York, and later discovered, at approximately 4:39 p.m., that her vehicle was missing. Her missing vehicle was a Black Hyundai Sonata with North Carolina license plates bearing a particular number (the "Vehicle"). DRAINE had a spare key to the Vehicle and a history of taking the Vehicle without Individual-1's permission. Individual-1 called DRAINE to inquire about her missing Vehicle but DRAINE denied having taken it.

   c. Individual-1 had left a shotgun that belonged to her in the trunk of the Vehicle.

3. Based on my review of law enforcement reports, I have learned that on or about November 5, 2021, at approximately

3

3:56 p.m., YPD received a call reporting that shots had been fired (the "Shooting") in the vicinity of a particular house located near the corner of Fairview and Ridge, specifically, located immediately next door to the Dispute Location (the "Shooting Location").

4. Based on my review of surveillance video footage taken on November 5, 2021, showing the approximately one block span of Fairview between Ridge and Morningside Avenue ("Morningside"), I have learned the following in substance and in part:

a. At approximately 3:46 p.m., the Vehicle is observed driving south on Ridge near the corner of the Shooting Location and then turning west onto Fairview. A male individual who appears to be young, wearing a blue sweatshirt, with his hair in a ponytail -- whom I believe based on my training and experience and participation in this investigation to be Individual-2 -- is observed with an object in his hand that appears to be a baseball bat. Individual-2 gestures towards the Vehicle, which continues to drive west on Fairview before stopping approximately one block away from the Shooting Location, specifically, at the intersection of Fairview and Morningside.

b. Moments later, a black male wearing a black hat, gray sweatshirt, and gray sweatpants, whom I believe -- based on my participation in this investigation, and as further detailed below -- to be GREGORY DRAINE, the defendant, exits the Vehicle. DRAINE opens the trunk of the Vehicle, takes out a long black object that appears based on my training and experience to be a shotgun, and returns to the driver's seat of the Vehicle. Based on my participation in this investigation, and as further detailed below, I believe this shotgun is the Firearm later recovered from the Vehicle.

c. Individual-2 is next observed walking towards and apparently yelling in the direction of DRAINE. The Vehicle thereafter turns around and begins driving back east on Fairview behind Individual-2, who begins running east and eventually turns north around the corner of Fairview and Ridge, i.e., towards the Shooting Location. The Vehicle follows behind Individual-2 and likewise turns north around the corner of Fairview and Ridge.

4

        d.    Approximately one minute after both Individual-2 and the Vehicle turn north around the corner of Fairview and Ridge towards the Shooting Location, an individual who appears to match the description of Individual-2 is observed running south across the intersection of Fairview and Ridge, away from the direction of the Shooting Location.

        5.    Based on my review of law enforcement reports and my discussions with law enforcement officers, I have learned that on November 6, 2021, YPD detectives obtained a sworn statement from an individual ("Eyewitness-1") who witnessed the Shooting and who stated in substance and in part, that on the afternoon of November 5, 2021, at approximately 3:39 p.m. according to Eyewitness-1's estimate, a male individual ran to the Shooting Location and a black four-door sedan pulled up in front of the Shooting Location. Based on my participation in this investigation and as further detailed below, I believe this male individual was Individual-2 and that the black four-door sedan was the Vehicle. Eyewitness-1 further attested that the driver of the four-door sedan was a black male with goatee-style facial hair who pulled out a shotgun, yelled profanities towards and threatened to "shoot" the male individual believed to be Individual-2, and in fact fired the shotgun. Based on my participation in this investigation and as further detailed below, I believe that the black male driver who fired the shotgun was GREGORY DRAINE, the defendant, and that the shotgun fired was the Firearm. Eyewitness-1 further attested that the black four-door sedan believed to be the Vehicle, drove away north on Ridge towards Lake Avenue.

        6.    Based on my review of law enforcement reports and my discussions with law enforcement officers, I have learned that on November 6, 2021, YPD detectives obtained a sworn statement from another individual ("Eyewitness-2") who stated, in substance and in part, that on November 5, 2021, at approximately 3:42 p.m. according to Eyewitness-2's estimate, a male individual with dark skin and goatee-style facial hair was seated in the driver's seat of a black four-door car located in front of the Shooting Location. Eyewitness-2 observed this individual point a shotgun in the direction of the Shooting Location and moments later heard the sound of a gunshot. YPD detectives showed Eyewitness-2 a "six-pack" photo array from which Eyewitness-2 identified a photograph of GREGORY DRAINE, the defendant, as the individual whom Eyewitness-2 observed seated in the four-door car pointing a shotgun towards the Shooting Location. Based on Eyewitness-2's observations and

5

identification and my participation in this investigation, I believe that the shotgun Eyewitness-2 observed was the Firearm, that the four-door car Eyewitness-2 observed was the Vehicle, and that the individual whom Eyewitness-2 identified as DRAINE was, in fact, DRAINE.

7. Based on my review of surveillance video footage from the vicinity of 5 Schroeder Street in Yonkers, New York, ("5 Schroeder"), I have learned in substance and in part that, on November 5, 2021, at approximately 3:53 p.m., the Vehicle is observed to be driving towards and parking in front of 5 Schroeder. A black male with goatee-style facial hair wearing a black hat, gray sweatshirt, and gray sweatpants exits the Vehicle and moments later re-enters the Vehicle. Minutes later the black male again momentarily exits and re-enters the Vehicle. Minutes after that the the black male, while sitting in the driver's seat of the Vehicle, is observed taking off his gray sweatshirt. The black male exits the Vehicle, now wearing a black long-sleeve t-shirt and gray sweatpants, and he begins running in the direction of the area between the buildings at 5 Schroeder and 3 Schroeder Street in Yonkers, New York ("3 Schroeder"). Based on my review of this video surveillance footage and my participation in this investigation, as further detailed below, I believe that the black male observed exiting the Vehicle and running is GREGORY DRAINE, the defendant.

8. Based on my review of surveillance video footage from inside of the building located at 3 Schroeder, I have learned in substance and in part that, on November 5, 2021, at approximately 4:05 p.m., a black male with goatee-style facial hair is observed wearing a black hat, black long-sleeve t-shirt, and gray sweatpants. YPD detectives showed Individual-1 this surveillance video footage on November 6, 2021, and, based on Individual-1's review of the video and prior interactions with GREGORY DRAINE, the defendant, Individual-1 positively identified DRAINE as the black male with goatee-style facial hair wearing a black hat, black long-sleeve t-shirt, and gray sweatpants. Based on Individual-1's identification and based on a comparison of the 3 Schroeder video surveillance footage with a law enforcement database photograph, I believe that the black male observed with goatee-style facial hair wearing a black hat, black long-sleeve t-shirt, and gray sweatpants is one and the same DRAINE.

9. Based on my review of law enforcement reports, my discussion with law enforcement officers, and my participation

6

in this investigation, I have learned in substance and in part that on November 5, 2021, at approximately 4:03 p.m., YPD officers found the Vehicle abandoned in the vicinity of 5 Schroeder Street. YPD officers sealed and impounded the Vehicle and transported it to YPD as evidence. YPD officers later executed a search warrant on the Vehicle and recovered, among other things, the Firearm on the floor of the front passenger seat of the Vehicle and a gray sweatshirt on the floor of the front passenger seat of the Vehicle.

10. As part of my investigation of this matter, I have been informed by law enforcement officials with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), who reviewed photographs of the Firearm, that the Firearm was manufactured outside of the state of New York.

11. I have reviewed Virginia state criminal history records pertaining to GREGORY DRAINE, the defendant. Based on this review, I have learned the following, in substance and in part:

a. On December 14, 1999, DRAINE was convicted in Virginia Beach Circuit Court of felony assault on a police officer and sentenced principally to 42 months' imprisonment.

b. On July 27, 1999, DRAINE was convicted in Virginia Beach Circuit Court of abduction with intent to extort money or for immoral purpose in violation of Virginia Code § 18.2-48, a felony, and sentenced to a term of 50 years' imprisonment with 45 years suspended. On the same date and in the same court, DRAINE was convicted of extortion by threat in violation of Virginia Code § 18.2-59, a felony, and sentenced to a term of 5 years' imprisonment with 5 years suspended. On the same date and in the same court, DRAINE was convicted of conspiracy to commit a felony in violation of Virginia Code § 18.2-22, a felony, and sentenced to a term of 5 years' imprisonment with 5 years suspended.

[Remainder of the page intentionally left blank]

7

WHEREFORE, deponent respectfully requests that GREGORY DRAINE, the defendant, be arrested, and imprisoned or bailed, as the case may be.

_____
Special Agent Mark Vere
Federal Bureau of Investigation

Sworn to before me this
12th day of November, 2021

_____
THE HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK