

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

March 3, 2022

**VIA ECF**

The Honorable Judith C. McCarthy
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Gregory Draine,* **21 Mag. 10883 (JCM)**

Dear Judge McCarthy:

    The Government respectfully writes to inform the Court that the parties have reached an agreement regarding a protective order to govern discovery disclosures in the above-titled matter. The proposed protective order is attached to this letter.

    Accordingly, the Government respectfully requests, with the consent of defense counsel, that the proposed protective order be entered.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By:    /s/ Qais Ghafary
    Qais Ghafary
    Assistant United States Attorney
    Tel: (914) 993-1930

Cc:  Ben Gold, Esq. (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>GREGORY DRAINE,<br><br>*Defendant.* | **Protective Order**<br><br>**21 Mag. 10883** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's

designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) The defendant;

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

3. Sensitive disclosure material, which shall be designated "Sensitive," shall be disclosed only on an "attorneys eyes only" basis to counsel for the defendant and employees of counsel for the defendant as needed for purposes of defending this action.

4. In the event of any dispute as to the Government's designation of particular material as sensitive disclosure material, the parties shall meet and confer regarding such dispute. If defense counsel asserts that the designation of particular material as sensitive disclosure material

2

will materially impede defense counsel's efforts, defense counsel shall propose alternative protections for such material that defense counsel believes are sufficient to mitigate any risks arising from the de-designation of such material. If the parties remain unable to agree about the appropriate designation for such material, defense counsel preserves the ability to seek de-designation by the Court. Absent a contrary order of this Court, the Government's designation of material as sensitive disclosure material shall be controlling.

5. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. Except for disclosure material that has been made part of the record of this case, and subject to the Rules of Professional Responsibility, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____  Date: __1/24/2022__
Qais Ghafary
Assistant United States Attorney

_____  Date: February 17, 2022
Benjamin Gold, Esq.
Counsel for GREGORY DRAINE


SO ORDERED:

Dated: March 4, 2022
       White Plains, New York

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4